NO. 07-06-0407-CR
NO. 07-06-0408-CR
NO. 07-06-0409-CR
NO. 07-06-0410-CR
NO. 07-06-0411-CR
NO. 07-06-0412-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 14, 2007
_____

ELI EDWARDS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 31st DISTRICT COURT OF WHEELER COUNTY;

NOS. 4294, 4295, 4296, 4297, 4298, 4299; HON. STEVEN R. EMMERT, PRESIDING
_____

*ABATEMENT AND REMAND*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Eli Edwards (appellant) appeals his criminal convictions. Per two extensions of the deadline previously granted him, his appellate briefs were due by February 8, 2007, with the admonition that no further extensions would be granted. Yet, instead of filing the appellate brief in each cause, counsel has again filed another motion for extension of time.

This court informed appellant that failure to comply with the February 8th deadline would result in the appeals being abated and remanded to the trial court.

Consequently, we abate the appeals and remand the causes to the 31st District Court of Wheeler County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant is indigent;

2. whether appellant desires to prosecute the appeals; and

3. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief in each cause. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue the appeals, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeals. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before March 16, 2007. Should

2

additional time be needed to perform these tasks, the trial court may request same on or before March 16, 2007.

It is so ordered.

Per Curiam

Do not publish.